```
1  BRANCART & BRANCART
      Christopher Brancart (SBN 128475)          *ORDER E-FILED 8/13/2008*
2     Liza Cristol-Deman (SBN 190516)
   Post Office Box 686
3  Pescadero, CA 94060
   Tel:   (650) 879-0141
4  Fax:   (650) 879-1103
   cbrancart@brancart.com
5  lcristoldeman@brancart.com

6  Attorneys for Plaintiffs
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| PROJECT SENTINEL, a California Nonprofit Corporation; MICHAEL BAKER; and, SARAH BAKER; individually and on behalf of the GENERAL PUBLIC, | Case No. C-08-02486 JW<br><br>JOINT APPLICATION AND STIPULATION FOR ISSUANCE OF PROTECTIVE ORDER; [PROPOSED] ORDER<br><br>(MODIFIED BY THE COURT) |
| Plaintiffs, | |
| vs. | |
| THE FEIRMAN CORPORATION, a California Corporation; THE RIF FAMILY PARTNERSHIP, L.P.; ROBERT FEIRMAN, as General Partner of the RIF Family Partnership, L.P.; and, DON PHELPS; | |
| Defendants. | |

The parties to this action, by and through their respective counsel, hereby

///
///
///
///
///

1 | apply for and stipulate to the issuance of the protective order attached hereto.

Respectfully submitted,

BRANCART & BRANCART

Dated: Aug 8, 2008

_____
Liza Cristol-Deman
Attorney for Plaintiffs

PAHL & MCCAY

Dated: August 6, 2008

_____
Servando R. Sandoval
Attorney for Defendants

## PROTECTIVE ORDER

IT IS HEREBY ORDERED THAT:

1. As used in this Protective Order, "Confidential Information" means:

    (a). The names, dates of birth, social security numbers, and other personal information regarding fair housing testers;

    (b) Information and documents pertaining to Project Sentinel's testing methods, including training materials and instructions;

    (c) The social security numbers and financial information of defendants' tenants, former tenants, and rental applicants; and,

    (d) Financial and net worth information pertaining to defendants that may be disclosed during the course of the litigation.

2. The Confidential Information described above is properly subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Counsel shall not designate any discovery material "CONFIDENTIAL" without first making a good faith determination that protection is warranted and that the material falls into one of the two specific categories listed in paragraph 1, above.

3. If a party wishes to challenge the designation of a document or portion of a document as "CONFIDENTIAL," the party challenging the designation shall meet and confer in good faith with the designating party in an attempt to resolve the dispute. If the parties are unable to resolve their dispute, the party seeking confidentiality may file a motion with the Court seeking adjudication of the matter under F.R.C.P. 26(c). The party seeking confidentiality has the burden of establishing that protection is warranted under F.R.C.P. 26(c).

4. Confidential Information shall be disclosed by the parties and their counsel only in accordance with the terms of this Protective Order and shall be used solely for the purposes of this action and shall not be used by the parties or their counsel for any other purpose.

5. Confidential Information shall not be disclosed by the parties or their

1 counsel to anyone other than the Court and its officers, counsel and their agents and
2 employees, including investigators, and the parties, all of whom shall be advised of, and
3 bound by, the terms of this Protective Order. Counsel may also disclose Confidential
4 Information to qualified third-parties retained to assist in the prosecution, defense, or
5 settlement of this action, such as investigators and expert witnesses. Anyone (other
6 than the Court and its personnel) who receives Confidential Information shall be
7 provided with a copy of this Protective Order and shall sign the Non-Disclosure
8 Agreement in the form of Attachment 1.

9   6.   To the extent feasible, any party filing any document that contains
10 Confidential Information shall redact all Confidential Information before filing. ~~Only such~~
11 ~~pages or exhibits or portions thereof that are designated by the parties as Confidential~~
12 ~~Information shall be lodged under seal.~~ If the filing party believes that Confidential
13 Information is necessary to adjudicate the matter or redacting is otherwise not feasible,
14 the filing party must **comply with Civil Local Rule 79-5.** ~~file the document with the Court in a sealed envelope with the~~
15 ~~following label:~~

16        ~~"Confidential Information~~
17        ~~Filed Under Seal Pursuant to Protective Order~~
18        ~~Project Sentinel et al. v. The Feirman Corp. et al., Case No. C-08-02486 JW~~
19        ~~[Title of Document]"~~
20 ~~The sealed envelope shall be filed with instructions stating that the document is being filed~~
21 ~~pursuant to this Protective Order and that it shall not be opened absent further order of the~~
22 ~~Court.~~

23   7.   Prior to hearings or testimony before the Court in this case, the parties, in the
24 event that it is known reasonably in advance of such hearing or testimony that matters
25 involving Confidential Information will be raised, shall so advise the Court.

26   8.   Nothing in this Protective Order shall affect the admissibility of any
27 Confidential Information in this action.
28   9.   **, and with the exception of documents filed with the court,** Within 30 days after the termination of this action all Confidential Information

JOINT APPLICATION & STIPULATION FOR ISSUANCE OF PROTECTIVE ORDER;
[PROPOSED] ORDER – Case No. C-08-2486 JW                                            4

1  produced by a party shall be returned to that party's counsel.

2  10. Nothing in this Protective Order shall be construed to unduly hamper the
3  rights of the parties to prosecute and defend this action. Nothing in this Protective Order
4  shall preclude any party from moving the Court for modification of any terms and conditions
5  thereof. Any party may, at any time, move the Court for modification of this Protective
6  Order.

7  11. This Protective Order shall survive the final termination of this action. The
8  Court shall retain jurisdiction to enforce this Protective Order for six months after the final
9  termination to resolve any dispute concerning the use of Confidential Information.

10  IT IS SO ORDERED.

11  DATED: _____August 13_____, 2008.

_____
Honorable ~~James Ware~~ Howard R. Lloyd
United States ~~District~~ Judge
Magistrate

## ATTACHMENT 1

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the stipulated protective order entered in <u>Project Sentinel et al. v. The Feirman Corp., et al.</u>, United States District Court, Northern District of California, Case Number C-08-02486 JW, and hereby agree to comply with and be bound by the terms and conditions of this order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of this Court for the purpose of enforcing this order.

Dated: _____.

_____
Signature