BRANCART & BRANCART
  Christopher Brancart (SBN 128475)
  Liza Cristol-Deman (SBN 190516)
Post Office Box 686
Pescadero, CA 94060
Tel:   (650) 879-0141
Fax:  (650) 879-1103
cbrancart@brancart.com
lcristoldeman@brancart.com

*E-FILED 2/3/2009*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PROJECT SENTINEL, a California Nonprofit Corporation; MICHAEL BAKER; and, SARAH BAKER; individually and on behalf of the GENERAL PUBLIC,<br><br>Plaintiffs,<br><br>vs.<br><br>THE FEIRMAN CORPORATION, a California Corporation; THE RIF FAMILY PARTNERSHIP, L.P.; and, DON PHELPS;<br><br>Defendants. | Case No. C-08-02486 JW<br><br>JOINT APPLICATION AND STIPULATION FOR MODIFICATION OF PROTECTIVE ORDER [DOC. 26]; [~~PROPOSED~~] ~~XXXXXXXX~~ ORDER<br><br>(MODIFIED BY THE COURT) |

The parties to this action, by and through their respective counsel, hereby

///

///

///

///

///

JOINT APPLICATION & STIPULATION FOR MODIFICATION OF PROTECTIVE ORDER [DOC. 26]; [~~PROPOSED~~] ~~XXXXXXXX~~ ORDER – Case No. C-08-2486 JW   1

1 apply for and stipulate to modify the protective order that was previously issued in this
2 case [Document 26].  The parties seek to modify the protective order by making
3 defendants' financial information and documents viewable by plaintiffs' attorneys only.
4 No other modifications are sought by the parties at this time.  The proposed protective
5 order, as modified, is attached hereto.

                                      Respectfully submitted,

                                      BRANCART & BRANCART

Dated: January 27, 2009

                                      /s/ Liza Cristol-Deman
                                      Liza Cristol-Deman
                                      Attorney for Plaintiffs


                                      PAHL & MCCAY

Dated: January 27, 2009.

                                      /s/ Servando R. Sandoval
                                      Servando R. Sandoval
                                      Attorney for Defendants

## MODIFIED PROTECTIVE ORDER

**IT IS HEREBY ORDERED THAT:**

1. As used in this Protective Order, "Confidential Information" means:

    (a) The names, dates of birth, social security numbers, and other personal information regarding fair housing testers;

    (b) Information and documents pertaining to Project Sentinel's testing methods, including training materials and instructions;

    (c) The social security numbers and financial information of defendants' tenants, former tenants, and rental applicants; and,

    (d) Financial and net worth information pertaining to defendants that may be disclosed during the course of the litigation.

2. The Confidential Information described above is properly subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Counsel shall not designate any discovery material "CONFIDENTIAL" without first making a good faith determination that protection is warranted and that the material falls into one of the two specific categories listed in paragraph 1, above.

3. If a party wishes to challenge the designation of a document or portion of a document as "CONFIDENTIAL," the party challenging the designation shall meet and confer in good faith with the designating party in an attempt to resolve the dispute. If the parties are unable to resolve their dispute, the party seeking confidentiality may file a motion with the Court seeking adjudication of the matter under F.R.C.P. 26(c). The party seeking confidentiality has the burden of establishing that protection is warranted under F.R.C.P. 26(c).

4. Confidential Information shall be disclosed by the parties and their counsel only in accordance with the terms of this Protective Order and shall be used solely for the purposes of this action and shall not be used by the parties or their counsel for any other purpose.

5. Confidential Information shall not be disclosed by the parties or their

counsel to anyone other than the Court and its officers, counsel and their agents and employees, including investigators, and the parties, all of whom shall be advised of, and bound by, the terms of this Protective Order. Counsel may also disclose Confidential Information to qualified third-parties retained to assist in the prosecution, defense, or settlement of this action, such as investigators and expert witnesses. Anyone (other than the Court and its personnel) who receives Confidential Information shall be provided with a copy of this Protective Order and shall sign the Non-Disclosure Agreement in the form of Attachment 1.

   (a). *Defendants' Financial and Net Worth Information: Attorneys' Eyes Only.* The Confidential Information described above in paragraph 1, subsection (d), shall only be disclosed and maintained for attorneys' eyes. Such designation means that any information pertaining to defendants' financial and net worth shall only be available for the attorneys for plaintiffs. Plaintiffs' attorneys may also disclose such information to the Court and its officers, counsel's agents, investigators and employees, and qualified third-parties retained to assist in the prosecution, defense, or settlement of this action, such as investigators and expert witnesses.

6. To the extent feasible, any party filing any document that contains Confidential Information shall redact all Confidential Information before filing. If the filing party believes that Confidential Information is necessary to adjudicate the matter or redacting is otherwise not feasible, the filing party must comply with Civil Local Rule 79-5.

7. Prior to hearings or testimony before the Court in this case, the parties, in the event that it is known reasonably in advance of such hearing or testimony that matters involving Confidential Information will be raised, shall so advise the Court.

8. Nothing in this Protective Order shall affect the admissibility of any Confidential Information in this action.

JOINT APPLICATION & STIPULATION FOR MODIFICATION OF PROTECTIVE ORDER [DOC. 26]; [PROPOSED] ORDER – Case No. C-08-2486 JW      4

1    9.    Within 30 days after the termination of this action **and with the exception of documents filed with the court,** all Confidential
2    Information produced by a party shall be returned to that party's counsel.
3    10.    Nothing in this Protective Order shall be construed to unduly hamper the
4    rights of the parties to prosecute and defend this action.  Nothing in this Protective
5    Order shall preclude any party from moving the Court for modification of any terms and
6    conditions thereof.  Any party may, at any time, move the Court for modification of this
7    Protective Order.
8    11.    This Protective Order shall survive the final termination of this action.  The
9    Court shall retain jurisdiction to enforce this Protective Order for six months after the
10   final termination to resolve any dispute concerning the use of Confidential Information.
11   IT IS SO ORDERED.
12   DATED: _____February 3_____, 2009.

_____
Honorable Howard Lloyd
United States Magistrate Judge

**JOINT APPLICATION & STIPULATION FOR MODIFICATION OF PROTECTIVE ORDER [DOC. 26]; [PROPOSED] ORDER** – Case No. C-08-2486 JW    5

**ATTACHMENT 1**

**NON-DISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the stipulated protective order entered in <u>Project Sentinel et al. v. The Feirman Corp., et al.</u>, United States District Court, Northern District of California, Case Number C-08-02486 JW, and hereby agree to comply with and be bound by the terms and conditions of this order unless and until modified by further order of this Court.  I hereby consent to the jurisdiction of this Court for the purpose of enforcing this order.

Dated: _____.

_____
Signature